IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN A. SMITH,<br><br>              Plaintiff,<br>v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., d/b/a WYNDHAM DESTINATIONS,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLEADINGS<br><br><br>Case No. 4:24-cv-00040-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to Amend Pleadings.[1] For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

This case arises out of an employment dispute between Smith and his former employer, Defendant Wyndham Vacation Ownership ("Wyndham"). Smith signed a contract with Wyndham wherein he would receive incentive commissions and overrides for serving as sales manager, senior sales manager, area trainer, director of sales, and podium presenter for Wyndham. He was also supposed to receive commissions for sales executed by people he supervised. Wyndham allegedly failed to compensate Smith at the agreed-upon levels for his work in September, October, and November 2023.

---

[1] Docket No. 47, filed May 5, 2025.

1

Pursuant to the Scheduling Order, the deadline to file a motion to amend pleadings was September 16, 2024.[2] Plaintiff filed the instant motion on May 5, 2025, nearly eight months after the deadline. Plaintiff's request for leave to amend seeks to address information purportedly not revealed until depositions taken in April of 2025. The information includes and pertains to the fact that there was a $185,000 target compensation associated with Smith's compensation, which Plaintiff admits Defendant provided in response to an interrogatory on December 13, 2024. The proposed amendment seeks to add additional factual allegations to Plaintiff's existing claims, to add a claim for fraud in the inducement, and to add a jury demand. Plaintiff's amendment also seeks to clarify the amount of damages sought to reflect amounts Defendant has already paid, and attached to the proposed Amended Complaint are several contracts that were referenced in earlier iterations of the Complaint.

Defendant opposes Plaintiff's Motion for Leave to Amend Pleadings. Defendant argues that Plaintiff has failed to establish good cause, that Plaintiff has failed to comport with DUCivR 15(a)(1), and that Plaintiff's amendments are futile.

## II.  DISCUSSION

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the

---

[2] Docket No. 20. The subsequent amended scheduling orders do not alter the deadline to seek leave to file a motion to amend pleadings as it was set forth in the initial scheduling order.

Rule 15(a) standard."[3] Thus, determining whether to allow amendment after the scheduling order deadline has passed involves a two-step inquiry.[4]

First, the court must look to "whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[5] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[6] To establish good cause, the moving party must show that it could not have met the scheduling order deadline despite the movant's "diligent efforts."[7] "Rule 16(b)(4) is arguably more stringent than Rule 15,"[8] and district courts are afforded "wide discretion" in determining whether the movant has shown good cause.[9]

"Second, if the court determines good cause has been established, it will then proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied."[10] Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[11] "The court should freely give leave when justice so requires."[12] "In the absence

---

[3] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[4] *See Total Quality Sys., Inc. v. Universal Synaptics Corp.*, No. 1:22-cv-000167-RJS-DAO, 2025 WL 252791, at *2 (D. Utah Jan. 21, 2015).

[5] *Id*. (internal quotation marks omitted).

[6] Fed. R. Civ. P. 16(b)(4).

[7] *Gorsuch*, 771 F.3d at 1240 (internal quotation marks omitted).

[8] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018).

[9] *Perez v. Denver Fire Dep't*, 724 F. App'x 646, 650 (10th Cir. 2018).

[10] *Total Quality Sys., Inc.*, 2025 WL 252791, at *2 (internal quotation marks omitted).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Id.*

of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[13]

Smith's Motion does not expressly address Rule 16, and the words "good cause" and "diligence" are notably absent. Indeed, the Motion makes no reference at all to its untimeliness. It is well within the district court's discretion to deny a motion for leave to amend when the movant makes "absolutely no arguments to show good cause for late amendment of the pleadings."[14] However, in Reply, Smith asserts that his "Motion to Amend clearly states that good cause exists because vital information was concealed by Defendant until revealed in April's depositions."[15] While this is far from clearly stated, it is correct that a movant may satisfy the good cause requirement if it "learns new information through discovery."[16]

Before the Court turns to Plaintiff's assertions of newly discovered information, it will note that at least two of Plaintiff's proposed amendments do not appear to be related to this justification and the April depositions: (1) Plaintiff's damages offset and (2) Plaintiff's attachment of several contracts. For these proposed amendments, Plaintiff gives no argument regarding good cause or explanation for why he delayed in seeking amendment. Accordingly, Plaintiff has failed to establish good cause for late inclusion of these proposed amendments.

---

[13] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[14] *Husky Ventures, Inc.*, 911 F.3d at 1020 (internal quotation marks omitted).

[15] Docket No. 50, at 9.

[16] *Gorsuch*, 771 F.3d at 1240.

4

As for the amendments purportedly justified by newly discovered information, Plaintiff claims that depositions taken in April of 2025 revealed that Defendant withheld and concealed key information regarding Plaintiff's compensation, which Plaintiff alleges was an attempt to fraudulently induce him into foregoing a different employment opportunity and entering the employment contract with Defendant. From Plaintiff's proposed amendments, it appears that the allegedly concealed information regards a target compensation figure of $185,000 per year. This alleged fraudulent inducement, according to Plaintiff, obviates any prior waiver by Plaintiff of his right to a jury trial.[17] Plaintiff also claims that the April depositions revealed that Defendant violated its own standards in seeking to reduce Plaintiff's compensation.

Problematically, as Defendant notes, Plaintiff's assertions are conclusory, and Plaintiff does not detail exactly what information was revealed and who revealed the information, nor does he point to any specific statements made in the depositions to support his assertions. Plaintiff also fails to state how the information was unavailable or unknown previously. Generally, conclusory statements that a party discovered new information after the Scheduling Order deadline for amending pleadings passed are insufficient to establish good cause.[18]

---

[17] Regarding Plaintiff's jury demand, for the first time in Reply, Plaintiff mentions Fed. R. Civ. P. Rule 39(b), which provides "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Plaintiff then asserts that he considers the jury sought in his Motion for Leave to Amend Pleadings to be a proper motion, presumably pursuant to Rule 39(b). But Plaintiff's Motion makes no reference or argument pursuant to Rule 39(b) and thus gave no indication that Plaintiff was asking the Court to exercise its discretion under this rule. Therefore, a Rule 39(b) motion is not properly before the Court, and the Court will not construe Plaintiff's Motion for Leave to Amend Pleadings as including such a motion.

[18] *See Butler Nat'l Serv. Corp. v. Navegante Grp., Inc.*, No. 09-2466-JWL-DJW, 2011 WL 941017, at *3 (D. Kan. Mar. 16, 2011); *Jacobs v. J. Publ'g Co.*, No. 1:21-CV-00690-MV-SCY, 2025 WL 672790, at *4 (D.N.M. Mar. 3, 2025) (denying leave to amend when movant

Plaintiff attempts to rectify this in Reply. He clarifies that the April depositions revealed that the $185,000 target compensation predated the job offer to Plaintiff. In support, he attaches excerpts from Plaintiff's own deposition and that of Mr. Stone, Defendant's regional vice president who hired Plaintiff. As explanation for Plaintiff's assertion that Defendant violated its own standards, Plaintiff claims the depositions revealed that the target compensation was improperly applied to Plaintiff because it was intended only for sales managers who cleared certain thresholds. Despite Defendant's argument that it is unaware of deposition testimony supporting that it violated company standards, Plaintiff still fails to point to any specific statements showing this alleged newly discovered information.

Looking to the Plaintiff's claim that April depositions revealed the target compensation predated the job offer to Plaintiff, to the extent Plaintiff relies on his own deposition as newly discovered information, "[i]nformation from [the Plaintiff's] own deposition cannot be considered newly discovered facts sufficient to meet Rule 16's good-cause standard."[19] Although Plaintiff perhaps did not know of the target compensation at the inception of this case, the parties do not dispute that this information was disclosed in December of 2024. Thus, Plaintiff has been aware of his lack of knowledge for some months now.

Other than his own deposition, Plaintiff relies on Mr. Stone's testimony that he did not recall if he or anyone else had told Plaintiff about a $185,000 target compensation. According to Plaintiff, this reveals that the target compensation predated Plaintiff's employment and was

---

largely failed to specify what new information learned in discovery would justify the proposed amendment).

[19] *Nelson v. Chase*, No. 1:21-cv-00135, 2023 WL 1420032, at *4 (D. Utah Jan. 31, 2023).

withheld and concealed from him. Even assuming that this is newly discovered information, Plaintiff still must demonstrate diligence.

To demonstrate diligence, a movant must "provide an adequate explanation for delay"[20] for the "fail[ure] to move to amend prior to the cutoff date and/or for the length of time between learning . . . new information warranting amendment and moving to amend."[21] Lack of diligence can include a movant's failure to investigate the facts necessary to bring potential claims[22] or a movant's failure to "act with reasonable diligence in unearthing—through the customary tools of discovery—the ostensibly newly discovered evidence."[23] Thus, if a movant could have discovered the relevant facts earlier through other discovery methods, a finding of good cause is not supported.[24]

Plaintiff does not explain why he could not have discovered the purportedly new information earlier. By Plaintiff's own admission, he learned of the target compensation as early as December 13, 2024. Plaintiff includes in his Reply language from an email Plaintiff's attorney sent on December 30, 2024, that indicates Plaintiff was on notice that the target compensation may support his breach of the implied covenant of good faith and fair dealing claim and provide a basis for a fraud in the inducement claim. In other words, this is not a case in which something was revealed in deposition that was a surprise to Plaintiff; rather, Plaintiff was aware in December that he had a basis for the amendments he now proposes. The deadline for amendment

---

[20] *Husky Ventures, Inc.*, 911 F.3d at 1020 (internal quotation marks omitted).
[21] *Nelson*, 2023 WL 1420032, at *3 (internal quotation marks omitted).
[22] *Husky Ventures, Inc.*, 911 F.3d at 1021.
[23] *Id.* (internal quotation marks omitted).
[24] *See id.*

of the pleadings had already passed in December, and when "the deadline for amendment ha[s] already passed, it [is] incumbent upon the Plaintiff to alert the court of its need to amend as soon as possible after learning the new information."[25] Yet upon learning about the target compensation, Plaintiff did not alert the Court and move to amend because Plaintiff claims he first needed to determine the origin and history of the $185,000 figure. Even accepting this argument, after Defendant provided on January 8, 2025, an Excel version of the information Plaintiff requested, Plaintiff does not detail any further attempts to pursue this critical information until the depositions in mid-April. While Plaintiff claims scheduling conflicts prevented the depositions from occurring earlier, Plaintiff does not give any explanation for why he could not have obtained information about the target compensation's origin, history, and application earlier through other discovery methods. Rather, it appears that Plaintiff waited several months to obtain information he believed was significant in allowing him to move for amendment. This does not demonstrate diligence such that a finding of good cause is warranted.

Therefore, because Plaintiff has failed to establish diligent efforts, Plaintiff has failed to establish that good cause exists for late amendment of the pleadings as Rule 16 requires. Where Plaintiff has not satisfied Rule 16's standards for modifying a scheduling order, it is unnecessary to evaluate the motion under Rule 15,[26] and it is likewise unnecessary for the Court to address Defendant's argument that Plaintiff failed to comply with DUCivR 15(a)(1). The Court denies Plaintiff leave to file a Fourth Amended Complaint.

---

[25] *Fountain Valley Inv. Partners, LLC v. Cont'l W. Ins. Co.*, No. 14-cv-01906-MSK-NYW, 2015 WL 7770772, at *2 (D. Colo. Dec. 3, 2015).

[26] *Gorsuch*, 771 F.3d at 1242; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to Amend Pleadings (Docket No. 47) is DENIED.

SO ORDERED this 17th day of June, 2025.

_____
PAUL KOHLER
United States Magistrate Judge