THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KEVIN A. SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., d/b/a WYNDHAM DESTINATIONS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING AND DENYING [41] PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE ORDER (**erroneously titled MOTION TO SET ASIDE MAGISTRATE'S SANCTIONS ORDER)<br><br>**AND [46] OBJECTION TO DEFENDANT'S<br>ATTORNEY FEE APPLICATION**<br><br>Case No. 4:24-cv-00040-DN-PK<br><br>District Judge David Nuffer |

## INTRODUCTION

On March 27, 2025, Magistrate Judge Paul Kohler entered a Memorandum Decision and Order Granting Defendant's Motion for Sanctions ("Sanctions Order") against Plaintiff's attorney, Ernest Istook.[1] On April 11, 2025, Plaintiff Kevin Smith ("Smith") through his counsel, Mr. Istook, filed objections ("Objection") to the Sanctions Order, which counsel erroneously designated in the caption as "Plaintiff's Motion to Set Aside Magistrate's Sanctions Order."[2] After considering the points raised in the Objection, for the reasons discussed in the Sanctions Order entered March 27, 2025, and as further explained herein, the Objection is OVERRULED and DENIED.

---

[1] Memorandum Decision and Order Granting Defendant's Motion for Sanctions ("Sanctions Order"), docket no. 36, filed March 27, 2025.

[2] Plaintiff's Motion to Set Aside Magistrate's Sanctions Order ("Objection"), docket no. 41, filed April 10, 2025.

In addition to filing an Objection, Istook also filed Plaintiff's Objection Opposing Defendant's Attorney Fee Application ("Application Objection").[3] Defendant Wyndham Vacation Ownership, Inc. d/b/a Wyndham Destinations ("Wyndham") filed its reply, including a request that further fees be awarded in favor of Wyndham.[4] This Application Objection comes shortly after Wyndham filed a notice, in accordance with the Sanctions Order, that the parties "were unable to agree to the amount to be paid."[5] This notice was later followed by Wyndham's counsel, M. Christopher Moon, filing a declaration outlining the further fees requested. and supporting declaration of its counsel.[6]

When Wyndham filed its Reply to Smith's Objection,[7] Wyndham objected to Smith's use of a self-serving declaration,[8] in which Smith's counsel failed to disclose the declarant's inherent bias. Smith's Application Objection has not demonstrated that Wyndham's Fee Application is unreasonable under the Lodestar Method,[9] or under other relevant case law. Therefore, the Application Objection is DENIED.

---

[3] Plaintiff's Objection Opposing Defendant's Attorney Fee Application ("Application Objection"), docket no. 46, filed April 30, 2025.

[4] Defendant's Reply Memorandum in Support of its Fee Request ("Reply in Support of Fee Application") at 9–10, docket no. 48, filed May 8, 2025.

[5] Defendant's Notice to Court on Order Granting Defendant's Motion for Sanctions, docket no. 37, filed April 9, 2025.

[6] Declaration of M. Christopher Moon in Support of Defendant's Fees ("Fee Application"), docket no. 39, filed April 10, 2025.

[7] *See generally* Reply in Support of Fee Application.

[8] Application Objection at Attachment B, Declaration of Leslie Slaugh ("Slaugh Declaration"), docket no. 46-2, filed April 30, 2025, dated April 24, 2025.

[9] *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998); *see also Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1104 (10th Cir. 2010) (explaining that when analyzing fee applications the "the lodestar determination is primary" as it "produces reasonably predictable results" (quoting *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010)).

## Table of Contents

INTRODUCTION ........................................................................................................................... 1
BACKGROUND ........................................................................................................................... 3
ANALYSIS ..................................................................................................................................... 6
    1.    Smith's Objection to the Magistrate Judge's Sanctions Order is Overruled and Denied ............................................................................................................................ 6
    2.    Smith's Application Objection is Overruled and Denied ...................................... 8
        a.    Reasonable Hours ................................................................................................ 9
        b.    Reasonable Rates ............................................................................................... 11
        c.    Leslie Slaugh Declaration ................................................................................. 11
ORDER ........................................................................................................................................ 13

## BACKGROUND

Both the Objection to the Sanctions Order and the Application Objection arise from Wyndham's Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority ("Motion for Sanctions").[10] Wyndham's Motion for Sanctions sought sanctions because Wyndham requested (on January 14, 2025) that Smith withdraw his Motion for Partial Summary Judgment, filed January 7, 2025, but Smith did not agree to withdraw the Motion for Partial Summary Judgment until February 3, 2025, one day before Defendant was required to file a response.[11]

The Motion for Partial Summary Judgment sought partial judgment that Wyndham "ha[d] breached its obligation to pay [the November 2023] wages when due" to Smith "within 24 hours of his November 21, 2023, separation from employment."[12] The unpaid amount totaled $2,229.32.[13] Smith also asserted that pursuant to the Utah Payment of Wages Act, specifically

---

[10] Docket no. 31, filed February 5, 2025.

[11] *Id.* at 2; *see also* Plaintiff's Motion for Partial Summary Judgment, docket no. 28, filed January 7, 2025; *see also* Plaintiff's Withdrawal of Motion for Partial Summary Judgment, docket no. 30, filed February 5, 2025.

[12] Motion for Partial Summary Judgment at 6.

[13] *Id.*

Utah Code § 34-28-5, statutory damages were also owed.[14] Smith claimed a total of $25,191.316, plus $55.733 for each day after January 7, 2025.[15]

Smith's Third Amended Complaint also sought unpaid amounts for months September and October in an amount totaling $109,807.66, plus an amount to be determined for November 2023, all to be trebled, plus court costs and attorney fees."[16]

Behind the scenes, and as informed in the Motion for Sanctions, on January 14, 2025, Wyndham's counsel, Mr. Moon, contacted Istook and informed him that after reviewing the partial summary judgment motion, Defendant had, "[a]s [the parties] had previously discussed, inadvertently failed to pay Plaintiff Smith $2,239.32 under his compensation plan," but that the "demand for an additional $22,961.996 in damages is baseless."[17] Wyndham then agreed to "make that [wage] payment" but not the payment for damages.[18] In the January 14, 2025 email, Wyndham's counsel summarized the motion's frivolity, explained in some depth the law and its lack of application to justify damages, and informed counsel that withdrawal was necessary to avoid sanctions.[19]

Three minutes after the email was sent, on January 14, 2025, Mr. Istook replied to Mr. Moon's email that the "motion will not be withdrawn."[20] And when challenged by Mr. Moon that Istook had not had time to consider the arguments, Istook bolstered and responded: "I read

---

[14] *Id.*

[15] *Id.*

[16] Third Amended Complaint at 2–3, ¶¶ 10–11, 14, docket no. 21, filed July 26, 2024.

[17] Motion for Sanctions, Exhibit A, docket no. 31-1.

[18] *Id.*

[19] *Id.*

[20] *Id.*

4

your entire email before I responded."[21] Defendant then sent the check for $2,239.32 on January 17, 2025,[22] which was received and accepted by Istook on January 24, 2025.[23] The payment and acceptance mooted the wage claim but not the issues related to damages claimed in the motion for partial summary judgment.

Wyndham served its Motions for Sanctions on Istook on January 17, 2025.[24] Despite receiving the November 2023 wage amount, a copy of the Motion for Sanctions, and a detailed email explanation of the partial summary judgment motion's weaknesses, Istook refused to withdraw the partial summary judgment motion.[25] Istook doubled down after being served the Motion for Sanctions, replying, "I simply wish to be clear that your threat to seek sanctions does not excuse you from responding to our motion nor extend the time for you to do so.").[26] Istook then made it clear that a timely response was due February 4, 2025.

But the day before Wyndham's response deadline, Istook sent an email to Moon, belatedly concurring that Wyndham's original position was "correct that daily pre-judgment interest should not be determined under Utah Code § 34-28-9.5 (because no final court order had been entered)."[27] Istook explained that regardless of whether they came to an agreement about unpaid wages or damages, he would be withdrawing the partial summary judgment motion.[28]

---

[21] *Id.*

[22] *Id.* at Exhibit B.

[23] *Id.* at Exhibit C.

[24] *Id.* at Exhibit B.

[25] *Id.* at Exhibit B.

[26] *Id.*

[27] *Id.* at Exhibit C.

[28] *Id.* ("Regardless, either later today or tomorrow I will formally withdraw our current partial summary judgment motion.").

5

But by this time Moon had already prepared its 17-page response that was "in almost final form."[29]

## ANALYSIS

When considering an objection to an order of the magistrate judge entered under 28 U.S.C. 636(b)(1)(a), a court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[30] Here, the Sanctions Order is not clearly erroneous or contrary to law. Therefore, the Objection is OVERRULED AND DENIED for the reasons stated herein.

1. **Smith's Objection to the Magistrate Judge's Sanctions Order is Overruled and Denied**

The Objection argues that the Sanctions Order is erroneous and contrary to law for three reasons: (1) "[S]anctions are an extreme measure and motion for sanctions are disfavored"; (2) A party's position and whether it is upheld is not the criteria for sanctions; and, (3) "Plaintiff withdrew his motion promptly once defendant had agreed to pay pre-judgment interest as well as wages which had been owed but unpaid for more than a year."[31]

The Objection's first and second arguments can be merged into one. Sanctions are an extreme measure, mostly disfavored, and "awarded 'only in instances evidencing a serious and standard disregard or the orderly process of justice,'"[32] lest sanctions "dampen the legitimate zeal of an attorney in representing his client."[33] However, there is no legitimate zeal in pursuing

---

[29] *See* Fee Application at Exhibit A, January and February Invoices; *see also* Reply Declaration of M. Christopher Moon in Further Support of Defendant's Fees, ¶ 2, docket no. 48-1, filed May 8, 2025.

[30] Fed. R. Civ. P. 72(a).

[31] Objection at 3–4.

[32] *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997)); *see also Obeslo v. Empower Cap. Mgmt., LLC*, 85 F.4th 991, 1005 (10th Cir. 2023).

[33] *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).

frivolous arguments once a party has been made aware and given opportunities to correct them. "To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings."[34]

Importantly, the Tenth Circuit has held that "sanctions under § 1927 do not require a finding of subjective bad faith, rather 'any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable.'"[35] An attorney "becomes subject to § 1927 sanctions 'by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law.'"[36] The statute encourages an "attorney to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims."[37] When reviewing a party's actions for sanctions, a court is "entitled to demand that an attorney exhibit some judgment. To excuse objectively unreasonable conduct by an attorney would be to state that one who acts 'with an empty head and a pure heart is not responsible for the consequences.'"[38]

Istook was notified as early as January 14th that pursuing statutory damages under Utah Code § 34-28-9.5 for the November 2023 payment was frivolous.[39] The Objection misstates the email correspondence between the parties and wrongly asserts that Wyndham agreed to "pay pre-judgment interest."[40] There was no agreement for payment of pre-judgment interest. Instead,

---

[34] *Id.* at 1510 (quoting *Baca*, 806 F.3d at 1268).

[35] *Obeslo*, 85 F.4th d1005 (10th Cir. 2023).

[36] *Id.*

[37] *Id.*

[38] *Id.* (quoting *Braley*, 832 F.2d at 1512).

[39] Motion for Sanctions at 9.

[40] Objection at 2; *see also* Motion for Sanctions at 9, Exhibit C.

in response to the request for pre-judgment interest, Mr. Moon responded that it was "likely warranted" and that he was available to "discuss any settlement issues" later that week.[41] Istook would have withdrawn the Motion for Partial Summary Judgment "[r]egardless" of an agreement to pay pre-judgment interest under a different statute, Utah Code § 15-1-1.[42]

It is clear from the record that Istook pursued claims after a reasonable attorney would have realized they lacked merit. The Motion for Partial Summary Judgment was not withdrawn promptly, or even after service of a draft of the Motion for Sanctions (January 17, 2025), necessitating Wyndham's work to prepare a response. For these reasons, the Sanctions Order is not contrary to law or erroneous. At the very least, when served with the Motion for Sanctions Istook should have recognized that there was no plausible means of establishing damages under the Utah Payment of Wages Act.

2. **Smith's Application Objection is Overruled and Denied**

In the Sanctions Order, Istook was ordered to "pay Wyndham its costs, expenses, and fees incurred in preparing the instant Motion [for Sanctions] and the response to Smith's motion for partial summary judgment."[43] Following entry of the Sanctions Order, "Plaintiff's counsel immediately contacted Defendant's counsel and offered to pay $10,000," noting that he had been "properly chastised."[44]

---

[41] Objection at Attachment A.

[42] *Id.*

[43] Sanctions Order at 9.

[44] Objection at 1, Attachment A.

Smith objects to the Fee Application arguing that the "amount sought and the number of hours claimed are not sufficiently described or explained, and both are unreasonable and exorbitant."[45] Supporting this assertion is the Declaration of Leslie W. Slaugh.[46]

The Sanctions Order directed Wyndham to file a declaration and that the parties meet and confer. "If the parties are unable to agree to the amount to be paid, they are to contact the Court."[47] While the magistrate judge likely meant to retain jurisdiction of the amount determination, because the matter is now before the district judge, this order will decide the issue.

To determine the reasonableness of Wyndham's fee request, the Tenth Circuit utilizes the "lodestar" method.[48] This method is a calculation of the reasonable number of hours spent on the case multiplied by a reasonable hourly rate.[49] The party requesting attorney's fees "bears the burden of establishing entitlement to an award by documenting the appropriate hours expended and hourly rates."[50]

### a. Reasonable Hours

Plaintiff's Application Objection has not identified which work and hours are reasonable and which are not. Rather, the Objection makes blanket statements that time was spent on "endless series of rewriting and revising the handful of pages submitted to the court regarding sanctions;" "time was spent on unrelated and non-successful matters;" or that "there is no allocation to separate arguments on which Defendant prevailed from its other arguments."[51] The

---

[45] Application Objection at 1.
[46] Slaugh Declaration, docket no. 46-2, filed April 30, 2025.
[47] Sanctions Order at 9.
[48] *Case,* 157 F.3d at 1249.
[49] *Id.*
[50] *Id.*
[51] Application Objection at 3.

9

Application Objection does not cite to any case law and relies upon the Slaugh Declaration as evidence and support of his arguments. Without specific objections, or supporting case law, there is little substance to the Application Objection.

The Application Objection also argues that the Fee Application should be limited to those arguments upon which Defendant "prevailed."[52] The Sanctions Order does not limit fee recovery solely to the arguments on which the "Defendant prevailed."[53] The Sanctions Order clearly identifies that fees were to be paid for preparation of the "instant Motion [for Sanctions] and the response to Smith's motion for partial summary judgment."[54] The sanctions were imposed not because Wyndham prevailed, but due to Istook's conduct—specifically, the refusal to withdraw the partial summary judgment motion even after the Defendant had served the Motion for Sanctions.

In determining what is a reasonable time in which to perform a given task, the Tenth Circuit has explained that a court should evaluate the "the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side."[55] "Another factor the court should examine in determining the reasonableness of hours expended is the potential duplication of services."[56] Or, a reduction of hours is also appropriate where "the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative."[57]

---

[52] Sanctions Order at 9.

[53] *Id.*

[54] *Id.*

[55] *Case*, 157 F.3d at 1250.

[56] *Id.*

[57] *Id.*

A review of the hours submitted by Wyndham demonstrates that the hours were necessary and relevant to its opposition to the Motion for Partial Summary Judgment and its Motion for Sanctions. Further, none of the entries are duplicative. In Moon's declaration submitted in support of the Fee Application, Moon explains that his team had prepared 45 pages of briefing with three accompanying declarations, interviewed one witness to prepare a declaration, drafted a letter to opposing counsel related to frivolity and the partial summary judgment motion, met with their client on several occasions to evaluate strategy, and conducted substantial research on various legal issues in this case.[58]

The Fee Application and the detailed billing record reasonably display the strategies pursued in response to Istook's email correspondence, and the relevant maneuvering towards resolution of the partial summary judgment motion and preparation of the Motion for Sanctions.

b. **Reasonable Rates**

Plaintiff has not objected to or disputed the rate charged per hour.

c. **Leslie Slaugh Declaration**

In support of its Application Objection, Plaintiff included as support and evidence the Declaration of Leslie W. Slaugh.[59] A declaration submitted in support of Plaintiff's Application Objection "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient."[60] "If evidence is offered in a motion . . . the response . . . may include an objection to the evidence."[61] Wyndham has

---

[58] Fee Application, Declaration of M. Christopher Moon in Support of Defendant's Fees, ¶¶ 4, 8–9, docket no 39, filed April 10, 2025.

[59] Application Objection at Attachment B.

[60] *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir.1991).

[61] DUCivR 7-1(b)(2).

objected to the Slaugh Declaration.[62] At issue in Plaintiff's Application Objection and in the Slaugh Declaration is Plaintiff's failure to disclose Slaugh's role as a Shareholder Howard Lewis & Peterson, PC, the firm where Istook is Of Counsel.[63]

Mr. Slaugh's declaration is not only insufficient because it lacked candor by both attorneys (Istook and Slaugh), but it also rests on the conclusory statements and opinions. First, concluding that in preparing the Motion for Sanctions, "52.7 hours of attorney time to prepare those documents, which involved no difficult legal issues, was clearly excessive and not necessary."[64] This assertion is belied by Istook's failure to understand the defects in his Motion for Partial Summary Judgment or the subsequent Motion for Sanctions. Arguing that "[a]t most, eight to ten hours should have been sufficient."[65]

The Slaugh Declaration also concludes that a request for "98.1 hours of attorney time is excessive, and that amount of time is excessive and unnecessary no matter who performed the work."[66] Slaugh's Declaration claims "two to three hours to oppose a motion for summary judgment" is sufficient and anything more would be unreasonable.[67] These are unsupported conclusory statements. Conclusory statements intertwined with a lack of candor undermines the integrity of the adjudicative process. Therefore, the Slaugh Declaration is STRICKEN.

For the reasons stated above, using the lodestar method, the Fee Application is reasonable, and the Application Objection is OVERRULED and DENIED.

---

[62] Reply in Support of Fee Application at 7–9.

[63] Slaugh Declaration at 1, ¶¶ 1–6.

[64] *Id.* at ¶ 16.

[65] *Id.* at ¶ 17.

[66] *Id.* at ¶ 18.

[67] *Id.* at ¶ 10.

## ORDER

As Judge Kohler's Sanctions Order concluded, and after a review of the parties' filings, the magistrate judge's determination that Istook engaged in sanctionable conduct is ADOPTED and AFFIRMED. The Application Objection is OVERRULED and DENIED.[68] As a result, Istook must pay Wyndham its costs, expenses, and fees incurred in preparing Defendant's Sanctions Motion and its response to Plaintiff's Motion for Partial Summary Judgment, in the amount of $36,624.60.

Defendant's additional request for additional fees[69] is GRANTED and Smith's counsel must pay Wyndham its costs, expenses, and fees incurred in preparing its Reply. Within fourteen (14) days of this Order, Wyndham's counsel must submit a declaration outlining its fees, and the parties are to meet and confer about the requested amount. If the parties are unable to agree to the amount to be paid, Wyndham shall file a motion.

Signed June 26, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[68] Docket no. 41, filed April 10, 2025.

[69] Reply at 9 ("Specifically, the Court should award Wyndham fees for the time spent preparing its original fee declaration and responding to Istook's [Application] Objection through this brief and Reply Declaration.").